**Thomas and Shirley JONES, Plaintiffs,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Defendant.**

No. 94–CV–246A.

United States District Court, W.D. New York.

Feb. 3, 1995.

Bouvier, O'Connor, George R. Blair, Jr., of counsel, Buffalo, NY, for Thomas and Shirley Jones.

Hodgson, Russ, Andrews, Woods & Goodyear, Hugh M. Russ, III, of counsel, Buffalo, NY, for Commercial Union.

## DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on April 7, 1994. The parties executed a consent to proceed before the undersigned on October 12, 1994. The matter is presently before the court on Defendant's motion to compel, filed September 7, 1994.

### BACKGROUND

Plaintiffs, Thomas and Shirley Jones, both New York residents, commenced this action against Commercial Union Insurance Company, a Massachusetts corporation with its principal place of business in Boston, in the New York State Supreme Court, County of Erie, on March 17, 1994. This action was filed after Commercial Union disclaimed liability on a fire insurance policy it issued to the Plaintiffs. On March 31, 1994, Commercial Union filed an answer and removed the action to the United States District Court for the Western District of New York.

The Plaintiffs allege that Commercial Union has wrongfully denied payment of their claim under an insurance policy issued in May, 1992. The Plaintiffs seek $160,000 in physical damages to real and personal property, and $250,000 in punitive damages.

A motion to dismiss the Plaintiffs' claim for punitive damages was filed on June 23, 1994, and oral argument on the motion was held on August 8, 1994. The motion was granted by Decision and Order dated October 17, 1994.

Commercial Union has requested production of the psychiatric records of Shirley Jones from March 25, 1992 to the present. Commercial Union alleges that these records may contain admissions by Shirley Jones concerning her attempted suicide, or her actions on the day of the fire. The Plaintiffs argue that these records are privileged, and therefore, are not discoverable.

The case is presently before the court on Commercial Union's motion to compel discovery of Shirley Jones' psychiatric records, filed September 7, 1994.[1] This court issued an order, on October 18, 1994, requiring Plaintiffs to submit Shirley Jones' psychiatric records to the court for *in camera* inspection. The medical records pertaining to Mrs. Jones from BryLin Hospital were submitted

---

1. Commercial Union's motion requested all of Mrs. Jones' medical and psychiatric records related to her treatment at BryLin Hospital, Erie County Medical Center, or other treating physicians or hospital personnel. At oral argument, counsel for Commercial Union limited the demand to Mrs. Jones' psychiatric records from BryLin Hospital, dated March 25, 1992 to the present.

on December 1, 1994, the crisis call intake form and report from the Town of Grand Island Help Center was submitted on January 9, 1995, and the records from the Erie County Medical Center were submitted on January 17, 1995.

For the reasons set forth below, Commercial Union's motion to compel is GRANTED, in part, DENIED, in part.

### FACTS

Thomas and Shirley Jones have owned a home at 385 Colonial Drive West on Grand Island for twenty years. They purchased a fire insurance policy from Commercial Union on May 31, 1992 for consideration of $299. *See* Complaint ¶ 2. The policy was valid for one year, and provided protection in the amounts of $104,000 for the residence, $72,-800 for personal property and $20,800 for loss of use. *See* Complaint ¶ 2.

On March 25, 1993, a fire occurred at the Jones' residence, causing damage to the home and personal property within. *See* Complaint ¶ 4. Following the fire, Plaintiffs made a timely claim on their Commercial Union policy, Complaint ¶ 5, claiming damages of $75,000 to the dwelling, $65,000 for loss of contents and $21,800 for living expenses.

After investigating the circumstances surrounding the fire, Commercial Union denied payment of the claim. Commercial Union alleges that it is not liable under the policy as the Plaintiffs violated the terms of the policy by intentionally setting the fire. Specifically, Commercial Union claims Shirley Jones deliberately caused the fire in an attempt to commit suicide.

### DISCUSSION

Under Fed.R.Civ.P. 26(b)(1), any matter likely to lead to admissible evidence that is not privileged may be discovered. Issues regarding privilege are to be governed by principles of common law as they are interpreted by the courts in light of reason and experience. Fed.R.Evid. 501.

In a diversity action, the issue of privilege is to be governed by the substantive law of the forum state. *Dixon v. 80 Pine Street Corporation,* 516 F.2d 1278, 1280 (2d Cir.1975). *See also Application of American Tobacco Company,* 880 F.2d 1520, 1527 (2d Cir.1989). New York provides a privilege for both physician-patient and psychologist-client relationships. *See* N.Y.Civ.Prac.L. & R. §§ 4504, 4507 (McKinney 1990). *See also In re Doe,* 964 F.2d 1325, 1328 (2d Cir.1992) (recognizing the existence of a psychotherapist-patient privilege under Fed.R.Evid. 501). There are three essential elements to the psychotherapist-patient privilege (1) a confidential doctor-patient relationship must have existed, (2) the information must have been received in the course of treatment, and (3) the information must have been necessary for treatment. *See* N.Y.Civ.Prac.L. & R. § 4504, 4507 (McKinney 1990).

### 1. *BryLin Hospital Records*

A privilege will not attach unless the individual receiving information from the patient is an authorized health care provider. *See* N.Y.Civ.Prac.L. & R. § 4504 (McKinney 1990). Section 4507 of the New York Civil Practice Law and Rules extends this privilege to the confidential communications between a registered psychologist and his or her client. The medical records provided by Dr. Oscar Lopez and Dr. Hillary Tzetzo[2] of BryLin Hospital include their notes and progress reports on Shirley Jones from March 25, 1992 to the present. These reports demonstrate that they were generated as the result of confidential meetings during the course of a professional relationship, and establish that Shirley Jones sought professional therapeutic services from both of these individuals.

Although frequently described as a privilege for "communications," the psychologist-patient privilege applies to "information." *See* N.Y.Civ.Prac.L. & R. §§ 4504, 4507 (McKinney 1990). The information that may qualify for privileged treatment includes not only communications received from the lips of the patient herself, but also information acquired by application of professional

---

**2.** It is not disputed that both Dr. Lopez and Dr. Tzetzo are psychiatrists.

246

skill or knowledge. *Dillenbeck v. Hess*, 73
N.Y.2d 278, 539 N.Y.S.2d 707, 711, 536
N.E.2d 1126, 1130 (1989).

Additionally, to fall within the scope of the
privilege, the information acquired by the
psychologist must have been necessary for
treatment. As psychiatric treatment often
requires a patient to disclose thoughts and
observations of a highly personal nature in
order to discover the root of the psychologi-
cal problem at hand, these sensitive disclo-
sures are fundamental to proper treatment.
Thus, the information divulged to the psy-
chologist was necessary for Shirley Jones'
treatment.

■ Therefore, as to these records, the
court finds that a psychotherapist-patient
privilege exists. As Shirley Jones' mental
records are of the personal nature that the
privilege is designed to protect from disclo-
sure, the court must determine whether Shir-
ley Jones' psychiatric records are relevant to
this case, and, if so, whether her privacy
interests outweigh the evidentiary need for
the documents. *See In re Doe, supra*, at
1328; *Hill v. City of New York*, 1994 WL
665824, *2 (S.D.N.Y.1994); *Cynthia B. v.
New Rochelle Hospital Medical Center*, 60
N.Y.2d 452, 470 N.Y.S.2d 122, 127, 458
N.E.2d 363, 368 (1983). After careful review
of the medical records at issue here, the
court has determined that Shirley Jones' psy-
chiatric records are not relevant with regard
to the issues presented in this case. While
there are references to the subject of suicide
in the records produced, the court finds these
to be opinions of the treating doctors, not
direct statements by Shirley Jones. Accord-
ingly, to the extent that the records contain
information concerning self-destruction, they
are not relevant because they are ambiguous
and not attributed to Mrs. Jones. Alterna-
tively, even if they were relevant, Jones'
privacy interests outweigh the evidentiary
need for the records, as no specific admis-
sions attributable to Jones indicate that she
purposefully set the fire.

2. *Erie County Medical Center Records*

■ The records from the Erie County
Medical Center include the emergency ser-
vice reports by a nurse, a physician and a

psychiatrist, as well as a police request for an
examination of Shirley Jones. As the police
request does not fall within the privilege, it
shall be produced.

■ Sections 4504(a) and 4507 of the New
York Civil Practice Law and Rules state that
any information acquired by a person autho-
rized to practice medicine or psychiatry, or a
registered professional nurse in attending a
patient in a professional capacity which was
necessary in rendering therapeutic services,
is privileged. The treating physician, nurse
and psychiatrist from Erie County Medical
Center were all authorized health care pro-
fessionals, as required for the privilege to
apply.

Shirley Jones' medical history, physical
symptoms, test results and diagnoses are
contained in the various reports from her
visit to Erie County Medical Center. As all
of this information is considered necessary
for treatment, it falls within the doctor-pa-
tient privilege. *Dillenbeck, supra*, 539
N.Y.S.2d at 711, 536 N.E.2d at 1130; *Grand
Jury Subpoena Duces Tecum Dated Dec. 14,
1984, Y., M.D., P.C. v. Kuriansky*, 69 N.Y.2d
232, 513 N.Y.S.2d 359, 363–64, 505 N.E.2d
925, 929, *cert. denied*, 482 U.S. 928, 107 S.Ct.
3211, 96 L.Ed.2d 698 (1987); *People v. Deci-
na*, 2 N.Y.2d 133, 157 N.Y.S.2d 558, 568–69,
138 N.E.2d 799, 806 (1956). Further, each of
the communications which took place be-
tween Jones and the health care profession-
als was made in confidence, as Jones volun-
tarily committed herself and was attempting
to obtain medical assistance from these pro-
fessionals.

■ The doctor-patient and psychothera-
pist-patient privileges exist with respect to
the medical records from Erie County Medi-
cal Center, therefore, the court must deter-
mine whether Jones' privacy interests in
medical reports regarding her condition out-
weighs Commercial Union's evidentiary need
for the reports.

Although Jones may have expressed, at
the time of her interviews, suicidal thoughts,
they are incorporated in the opinions of the
treating professionals. It can hardly be dis-
puted that communications between a patient
and a doctor are highly personal. *Kurian-*

*sky, supra,* 513 N.Y.S.2d at 364–65, 505 N.E.2d at 930. Further, disclosure of communications to therapists and their diagnoses would frequently be embarrassing for the patient, and the disclosure of such communications might discourage people from seeking psychiatric help. *See Kuriansky, supra,* 513 N.Y.S.2d at 363–64, 505 N.E.2d at 929. As it is in the public interest to encourage people to speak candidly with psychiatrists, and psychiatrists depend on open communication to accomplish the purpose of evaluating and improving the mental health of individual members of society, the information derived from a patient during the course of treatment should not be disclosed unless the evidentiary need for the documents outweighs the patient's privacy interests. *See In re Doe, supra,* at 1328; *Hill, supra,* at *2. As with the records from BryLin Hospital, no specific admissions in the medical records attributable to Shirley Jones indicate that she purposefully set the fire. Thus, given the importance of the interests at stake and Jones' need for medical assistance, the court does not find that the evidentiary need for Shirley Jones' medical records outweighs her privacy interest in these files.

**3.** *Town of Grand Island Help Center Report*

 As stated, in order for information to be privileged under either a physician-patient or psychotherapist-patient privilege, there must be a confidential communication to an authorized health care provider. *See* N.Y.Civ.Prac.L. & R. §§ 4505, 4507 (McKinney 1990). In the instant case, there is no evidence that the counselor who intervened on March 25, 1993 is a doctor or a psychiatrist. Unless counsel provides such information within ten (10) days of this order, the information contained in this report shall be disclosed.

Plaintiffs are directed to produce the police report included in the medical records from Erie County Medical Center and, if no documentation is presented to the court within ten days of this order demonstrating that the counselor from Grand Island Help Center is a physician or psychiatrist, the record from the crisis intervention center must also be produced. The remaining records from both BryLin Hospital and the Erie County Medical Center are privileged and need not be produced.

### *CONCLUSION*

Based on the foregoing discussion, Defendant Commercial Union's motion to compel discovery of Shirley Jones' psychiatric records is GRANTED, in part, DENIED, in part.

SO ORDERED.